**IN THE UNITED STATES COURT FOR THE**

**WESTERN DISTRICT OF TEXAS**

FILED

MAR 2 4 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| **Gregory Dixon** | : | |
| | : | |
| Plaintiff | : | |
| V | : | Civil Action # 1:23 CV 00326 RP |
| | : | |
| **Tesla Motors, INC** | : | **Bench Trial Requested** |
| | : | |
| Defendant | : | |

## PRELIMINARY STATEMENT

1. This action is brought by Gregory D Dixon as The Pro Se Plaintiff, against Tesla Motors, INC to enforce provisions of **42 U.S Code § 12203(a)(b),** which prohibits retaliation 'discriminat(ion) against any individual because such individual has opposed any act or practice' **and the retaliation against the Plaintiff due to the Plaintiff's complaints of the 'acts or practice' by the Defendant of violations of** the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et. seq., which 'prohibits disability discrimination in employment'. Albra v. Advan, Inc., 490 F3d 826, 829 (11th Cir. 2007) (citation omitted).

## JURISDICTION AND VENUE

2. The US Court for Western District of Texas has jurisdiction TO ENFORCE this action under **42 U.S Code § 12203(a)(b), for retaliation**. This court has jurisdiction to enforce the Americans with Disabilities Act of 1990 § 12102(1) in the Plaintiff had a 'disability', that 'effects major life activities' Americans with Disabilities Act of 1990 § 12102(2), Americans with Disabilities Act of 1990 § 12111(4) in which the Plaintiff was the 'employee' and Americans with Disabilities Act of 1990 § 12111(2) with the Defendant as the "covered entity" and Americans with Disabilities Act of 1990 § 12111(5)(a) the 'employer' or Tesla Motors, INC. This court has jurisdiction to enforce the Americans with Disabilities Act of 1990 § 12112(a)(b), in which "**No covered entity shall discriminate against a qualified individual on the basis of disability in regard** to job application procedures, the hiring, advancement, **or discharge of employees, employee compensation**, job training, and **other terms, conditions, and privileges of employment**" and Americans with Disabilities Act of 1990 § 12111(8), in which the Plaintiff was a **QUALIFIED INDIVIDUAL** and Americans with Disabilities Act of 1990 § 12111(9)(A)(B) in which "job restructuring acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations" (in which the Defendant disregarded the Plaintiff's request), IN WHICH ON 3/13/23 the Plaintiff provided a letter requesting a 'reasonable accommodation' to the Plaintiff's supervisors and Human Resources.

3. **Venue is proper in this judicial district** 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c) and because it is where the majority or all of the events or omissions giving rise to the cause of action herein occurred.

## THE PLAINTIFF HAS A HISTORY OF DISABILITY AND INFORMED

## THE EMPLOYER

4.  The Plaintiff will show the court a 'history of disability' described in 42 U.S.C. § 12102(1). Major depression is 'legally regarded' as 'having an impairment' as described in 42 U.S.C. § 12102(3)(A), which would make the Plaintiff a 'qualified individual' as described in the terms of The Americans with Disabilities Act, 42 U.S.C. § 12111(8). **The Plaintiff is requesting the court order the Mississippi State Health Department to produce The Plaintiff's medical records to the court for the purposes of this complaint. The Plaintiff will also provide a medical document to the court, in which he was diagnosed by a doctor in Mississippi as having a 'personality disorder', which a chemical disorder the Plaintiff suffers with. The Plaintiff will provide these records to 'debunk' ANY ATTEMPTS by the Defendants to 'paint' the Plaintiff as a troublemaker as the cause for his 'constructive dismissal' or termination.**

5.  The Plaintiff at the writing of this complaint is 'technically still employed' by Tesla Motors, INC., but as he will later describe was told by a manager in safety at Tesla Motors, INC. on **2/21/23** to **"Not return to work until Human Resources investigates, and Human Resources will be in touch with the Plaintiff to let him know when and where to return to work."** At the completion of this document **(3/21/23) the Plaintiff has been effectively 'without income' FOR 28 DAYS AFTER REPORTING THE CRIME THAT WAS COMMITTED ON 2/21/23. THEREFORE, THE PLAINTIFF IS ASKING THE COURT IF THE COURT WILL HONOR A CONSTRUCTIVE DISMISSAL IN WHICH TESLA MOTORS, INC., UPON REPORTING A SITUATION OF WORK PLACE HARASSMENT, THE PLAINTIFF WAS LEFT WITHOUT INCOME FOR A**

PERIOD OF 28+ DAYS AND DUE TO THE LACK OF INCOME WILL BE
'REASONABLY FORCED TO RESIGN'. THE DEFENDANT DIDN'T ATTEMPT
TO REACH OUT TO THE PLAINTIFF 1 TIME, AND OUTSIDE THE PLAINTIFF'S
ATTEMPTS AT DISPUTE RESOLUTION, THE DEFENDANT IS YET TO
CONTACT THE PLAINTIFF. THE PLAINTIFF ASKS THE COURT TO VIEW THE
'LACK OF RESPONSE' FROM TESLA MOTORS, INC (OVER A 28+ DAY
PERIOD) AS AN ILLEGAL TERMINATION.

## PARTIES TO THE CLAIM

6.  The Pro Se Plaintiff, Gregory Dixon, is an adult individual who has a mailing address of 106
    Olympic Cr, Ocean Springs, MS. 39564. The Plaintiff's email is ameliorategal@gmail.com
    or dixong405@gmail.com. His phone number is: 228-334-6447.

7.  Tesla Motors, INC. is an employer with over 20 employees, located at 1 Tesla Rd. Austin,
    TX. 78725. This is the 'location' of all of the acts and omissions in this action. The phone
    number for Tesla Motors, INC is 888-518-3752.

8.  The Plaintiff was 'recruited' by Balance Staffing, but Tesla Motors, INC. made the final
    decision on the 'direct hire' of the Plaintiff. Tesla Motors, INC's 'managers and staff'
    participated in the discrimination/harassment of the Plaintiff, and Tesla Motors, INC. made
    the final employment decision on the Plaintiff, thus committing the retaliation and
    discrimination.

## STATEMENT OF CLAIM

9. Tesla Motors, INC retaliated against the Plaintiff violating 42 U.S Code § 12203(a)(b), by

terminating the Plaintiff's employment (**or causing the Plaintiff to take a constructive**

dismissal) **DURING THE PROCESS** of the Plaintiff requesting a Reasonable Accommodation

and **REPORTING AN INCIDENT OF WORKPLACE HARASSMENT** and the Plaintiff

will show ALL THE ELEMENTS OF RETALIATION that denying the Reasonable

Accommodation requested by the Plaintiff as listed in the Americans with Disabilities Act of

1990 § 12111(9)(A)(B) would **not cause** 'undue hardship to the business', and the denial of the

request and leaving the Plaintiff 'financially stuck' by not allowing him to work for a period of

**28+ days AFTER THE PLAINTIFF REPORTED A CRIME AND VIOLATION**

**AGAINST THE AMERICANS WITH DISABILITIES ACT** (which forced the Plaintiff to

resign) **shows intent by the Defendant, and that the Defendant WAS NOT acting in good**

**faith**, due to the Plaintiff being in '**protected opposition' to the employment practices of the**

**Defendant (in the reporting of a crime)**. The Plaintiff WILL show in PROVING HIS

RETALIATION CLAIM that (1) he engaged in statutorily protected activity (**by reporting the**

**harassment**), (2) he suffered a materially adverse employment action, (**being terminated or**

**having to choose 'constructively dismissal' after not being allowed to return to work in 45**

**days**) and (3) a causal relationship exists between the 2 events *Palmer v. McDonald,* 624 F.

Appx'699, 702 (11th Cir. 2015) (per curium) (unpublished), in the fact that the Plaintiff **LOST**

**HIS INCOME AFTER REPORTING THE HARASSMENT EVENT**.

## PARTICIPATING IN PROTECTED OPPOSITION

**10. The Plaintiff is arguing that the defendant, disregarded the fact that the Plaintiff was**

**participating in "protected opposition" by making management aware that 'illegal**

**harassment' was occurring at Tesla Motors, INC when the Plaintiff made the complaint.**

**The Defendants were upset about the complaint of harassment being made by the Plaintiff**

**and "retaliated" against the Plaintiff by (by leaving him without income AFTER**

REPORTING THE ILLEGAL HARASSMENT FOR A PERIOD OF OVER 28 DAYS)

illegally terminating him (or putting him in a situation in which any 'reasonable person'

would be forced to resign) in disagreement to his "protected opposition" as stated in

Crawford v. Nashville, 555 U.S. 271 (2009), in which the United States Supreme Court

stated "an employee's communication to (her) employer that (she) believes the employer

has engaged in discrimination virtually always constitutes the employee's opposition to the

discriminatory activity. Whether the employee reports discriminatory conduct on her own

initiative or in response to questions by the employer is irrelevant." The Court indicated

further that "protected 'opposition' may consist of nothing more than disclosing the

employee's belief that certain conduct is unlawful" (for example, where an employee

refuses to follow a supervisor's order to fire another worker for discriminatory reasons.)

11. The Plaintiff argues that the discrimination from the co-workers or from the Defendant

didn't rise to a level of illegality until February 21st, 2023. Although the Plaintiff faced 3

'discriminatory situations' with his co-workers prior to 2/21/23, the incident itself was illegal

harassment and the Defendant, (during the decision-making process) showed 'discriminatory

actions' violating the Americans with Disabilities Act of 1990 § 12112(a)(b) by leaving the

Plaintiff without work for 28+ days, causing the Plaintiff to claim 'constructive dismissal' due to

the lack of income and emotional stress of remaining without employment, for no reason in

which a reasonable person would resign and could conclude the Defendant was acting 'in

bad faith.'

12. The Plaintiff argues that during the 'investigation process' by the Defendant, the Defendant

showed discrimination in the handling of the investigation and retaliated against the

Plaintiff after making the harassment complaint, violating 42 U.S Code § 12203(a)(b),

argues has the SAME EFFECT as a termination. The Plaintiff alleges that during the investigation the co-workers of the Defendant spoke of 'discriminatory comments' about the Plaintiff, which effectively caused the Defendant to make a decision to terminate the Plaintiff, which the Plaintiff alleges **the decision was based in discrimination.**

## FACTS AND VIOLATIONS OF LAW

13. The Plaintiff began employment with Tesla Motors, INC on January 23rd, 2023 located at 1 Tesla Rd. Austin, TX. 78725, as a material handler/forklift driver.

14. On or about January 25th, 2023 while still in training, (working for Tesla Motors, INC located at 1 Tesla Rd. Austin, TX. 78725) co-worker John Gray and others approached the Plaintiff and began 'sniffing' him. During that time the Gray and others began to 'publicly mock' the Plaintiff about having body odors. During the same time Gray, and female co-worker named Julian Baker and others, begin to call the Plaintiff 'slow' saying that he 'acted like a retard.' The Plaintiff personally heard his co-workers making these statements, that were directed directly **AND INDIRECTLY** at him.

15. The Plaintiff recalls a discriminatory event occurring between February 1st and February 21st, 2023 (while working at Tesla Motors, INC located at1 Tesla Rd. Austin, TX. 78725) in which a female co-worker, (SanJay Calderon) began a conversation with the Plaintiff into a certain location and would get really close to him and start 'sniffing' him. The Plaintiff remembers on one occasion in which the co-worker went around telling the Plaintiff's other co-workers that the Plaintiff "smelt like shit".

16. Between February 1st and February 21st, 2023, while working at Tesla Motors, INC, while in the 'cafeteria' on the second floor (around 9:30pm while on break), John Gray approached the

Plaintiff and began sniffing him again. The Plaintiff and Gray exchanged words, in which Gray called the Plaintiff "crazy" telling him "no one likes you". The Plaintiff kept expressing his desires for Mr. Gray to respect his personal space and Mr. Gray responded "Keep that energy. I'm going to get your ass fired."

17. On February 21st, 2023 at 8:20-8:35pm while working at Tesla Motors, INC located at 1 Tesla Rd. Austin, TX. 78725, the Plaintiff was approached by a co-worker (identified as John Doe at the time of the writing of the complaint due to the Plaintiff not knowing his name) while he was working.

18. On February 21st, 2023 at 8:20-8:35pm, during the same incident the 'John Doe' co-worker who approached the Plaintiff on-foot while the Plaintiff was on a forklift in the 'middle of a move' in the area of the W48-50 supermarkets on the loading dock in the Tesla warehouse in which the Plaintiff worked. The employee motioned to 'show the Plaintiff' something saying "Greg let me show you something really quick" and the Plaintiff while in the middle of a move, responded "Hold up really quick I'm working" and the John Doe asked the Plaintiff again a little more aggressively and the Plaintiff again responded by telling the John Doe he was working.

19. On February 21st, 2023 at around 8:20-8:35 the 'John Doe' co-worker then told the Plaintiff during the same incident "I'll pull you off that forklift and slap the shit out of you on my mama" and began making more threats and threats of bodily harm (in which the Plaintiff can't recall but is positive the John Doe made a threat at his life). The Plaintiff was shocked and started pulling his phone out his pocket to protect himself and then the John Doe said "I don't give a fuck about that phone I'll take that phone from you and beat your ass" The Plaintiff didn't know how to respond but noticed the Defendant started walking off.

20. On February 21st, 2023 the Plaintiff reported the incident to Gerardo Rodriguez 'a lead' working in his department. The incident was then reported to William Chabino the Plaintiff's supervisor and Crystal Elorudy also the Plaintiff's supervisor. The Plaintiff was told by Tesla Motors, INC Safety Supervisor to "Clock out and go home pending an investigation from HR, and to wait for HR to contact him before coming back to work." The Plaintiff left Austin and returned to Houston after being told that, and that was the last time the Plaintiff worked a shift for Tesla Motors, INC.

21. On February 22nd, 2023 the Plaintiff called Travis County Sheriff's Department (call number 230530333) in which the Travis County Deputy told the Plaintiff to "Wait till the conclusion of 'Tesla's report' to make a police report," and the Deputy refused several attempts by the Plaintiff to make the report.

22. On February 24th, 2023 the Plaintiff contacted William Chabino via 'Teams', (a communication for Tesla Motors, INC employees) asking him for an update on the situation, in which on February 25th Mr. Chabino responded via text "... Unfortunately HR doesn't give me much info on anything HR related." (Exhibit A) pg 8

23. On March 4th, 2023 the Plaintiff reached out to William Chabino via Teams. **Mr. Chabino never responded.**

24. On March 5th, 2023, after not hearing from ANYONE from Tesla Motors, INC reached out to Crystal Elorudy (one of the Plaintiff's Supervisors) via teams. After asking about the situation Ms. Elorudy informed the Plaintiff "Gregory Dixon I will reach out to our HR business partner on the status of the investigation.... Either way I will see what's going on, as I know you would

like to return. Thank you for following up." The Plaintiff never heard back from Ms. Elorudy following the conversation.  (Exhibit B)

25. On March 9th, 2023 the Plaintiff reported the incident to **Travis County Sheriff's Department (Incident #230680286).**

26. On March 11th 2023 at 10:10am the Plaintiff messaged Priscilla Brock (Human Resources) on teams to ask about returning back to work. At the time of the writing this complaint he has heard no response.  (Exhibit C)

27. On March 12th, 2023 after again **NOT HEARING FROM ANYONE FROM TESLA MOTORS, INC** the Plaintiff reached out to Ms. Elorudy via teams, about returning to work, via teams. Ms Elorudy responded via text on teams "…. **If you get ahold of Ms. Brock (in Human Resources), then she would be the only person who could get you more information on a return. I have not heard anything as far as when if able you are to return."** (Exhibit D)

28. On March 13th, 2023 the Plaintiff sent a letter via email to Priscilla Brock (Human Resources Tesla) Ms. Elorudy, Mr. Chabino, Manny Ramos (Tesla Motors, INC Saftey Team) and GFTXHR (Tesla HR E ticket# INC-5784259), in which WHILE IN THE MIDDLE OF THEIR DECISION MAKING PROCESS the Plaintiff informed employees of the Defendant of HIS HISTORY OF DISABILITY and THE DISCRIMINATION HE HAD BEEN FACING, and although BEFORE FEBRUARY 21ST IT HADN'T ROSE TO A LEVEL OF ILLEGALITY that THE ACTIONS ON FEBRUARY 21st WERE ILLEGAL HARASSMENT AND WAS A VIOLATION OF THE LAW. The Plaintiff also informed the Defendant that he was protected under the Americans With Disabilities Act, due to his 'history of disability.'

~~under the Americans With Disabilities Act, due to his 'history of disability.~~' **(Exhibit E is a hardcopy of the letter; Exhibit F is proof of the email.)**

29. On Sunday, March 19th, 2023 at 8pm (via grdixon@tesla.com) email, the Plaintiff again wrote Priscilla Brock (human resources pbrock@tesla.com) and Tesla Motors, INC human resources (GnAdminHR@tesla.com), telling the 'decision makers' about his history of disability and desire to come back to work, requesting a reasonable accommodation. As of March 21st, 2023, the Plaintiff still has received no response. **(Exhibit G)**

30. As of March 21st, 2023 THE PLAINTIFF HAS NOT HEARD ANYTHING FROM HUMAN RESOURCES OR ANYONE MAKING DECISIONS WITH TESLA MOTORS, INC, AND OUTSIDE OF HIS ATTEMTS TO COMMUNICATE WITH HIS DIRECT SUPERVISORS (only after the Plaintiff have reached out), **HE HAS BEEN LEFT WITHOUT INCOME FOR OVER 28 DAYS AFTER REPORTING WORKPLACE HARASSMENT AND A TERRISTIC THREAT.**

31. **After February 1st, 2023 and before February 21st 2023, the Plaintiff observed Patrick Moye (a material handler such as the Plaintiff, employed for Tesla Motors, INC, under the same management and 'Human Resource Decision Makers' as the Plaintiff) get into an argument with co-workers, while working at 1 Tesla Rd for Tesla Motors, INC.**

32. Due to the nature of the event, Mr. Moye was 'sent home for an HR Investigation', just like the Plaintiff's situation. **On or before February 19th, 2023 the Plaintiff observed Mr. Moye return to regular employment, follow the 'investigation by HR', which took less than 18 days from the incident, until Mr. Moye returned to work. (During discovery, the Plaintiff**

will 'move the court' to compel the Defendant to provide the documentation to prove or disprove the Plaintiff's assertions)

33. The Plaintiff 'reasonably concluded' that the 'investigation' was taking longer than expected and it **was reasonable to assume** the Defendants didn't want to continue the employment with the Plaintiff. The Plaintiff alleges **'whatever the reason the Defendant didn't want to continue the employment is based in discrimination' (DUE TO THE DISABILITY OF THE PLAINTIFF)** of the employee directly or discrimination by the coworkers', in which the employer decided to side with.

34. The Plaintiff filed an inquiry with the EEOC on March 20th, 2023 **(EEOC Inquiry #451-2023-01919).**

## PLAINTIFF'S LEGAL ARGUMENT AND ELEMENTS OF RETALIATION

35. The Plaintiff WILL show in PROVING HIS RETALIATION CLAIM that (1) he engaged in statutorily protected activity (2) he suffered a materially adverse employment action and (3) a causal relationship exists between the 2 events *Palmer v. McDonald,* 624 F. Appx'699, 702 (11th Cir. 2015) (per curium) (unpublished).

36. The Defendant **HAS LEFT** the employment of the Plaintiff IN LIMBO FOR OVER 28 DAYS (as of 3/21/23) **AFTER THE PLAINTIFF REPORTED AN INSTANCE OF WORKPLACE HARASSMENT**. The Plaintiff provided a letter to the Defendant, requesting a reasonable accommodation (in which the Defendant could've easily granted), and informed the Defendant of the Plaintiff's 'history of disability'. The Plaintiff argues that he was **'LEFT HANGING'** for 3 reasons which are all outlined in the letter; 1. Being engaged in 'protected

opposition' 2. requesting a reasonable accommodation 3. The employer engaging in

discriminatory practices, which are **THE VERY REASONS FOR WHICH THE PLAINTIFF**

**WAS TERMINATED WHICH IS IN DIRECT VIOLATION OF SEVERAL US**

**STATUTES**. The termination or constructive dismissal WITHOUT A JUST CAUSE shows that

THE INTENTION of the Defendants and the Defendants weren't 'acting in good faith.'

  A.  Protected Opposition

37. The Plaintiff has already demonstrated to the court in this document, how he made a formal

complaint to management and Travis County Sheriff's Department about the harassment,

meaning he was in "protected opposition" after reporting the harassment.

  B.  Request for Reasonable Accommodation

38. In *Fisher v. Nissan N.A., Inc., No. 18-5847 (6th Cir. 2020)*, the court found "For failure to

accommodate claims, the plaintiff must show: (1) he has a disability, and (2) that he is 'otherwise

qualified' for the job at issue despite the disability: (a) without accommodation, (b) with an

'alleged' essential job requirement eliminated, or (c) with a reasonable accommodation." [The

court emphasized that "Nissan had to prove (1) that the essential job requirement at issue was in

fact essential and therefore a 'business necessity', or (2) that the proposed accommodation would

be an undue hardship."] The Plaintiff will show the court his disability **AND IN FACT he**

**informed management at Tesla Motors, INC about his disability in the letter as well. The**

**Plaintiff will show that he was 'otherwise qualified' for the position, without or without**

**being permitted the reasonable accommodation. The Plaintiff argues that the Defendant**

**can't show any 'reasonable reason' that would cause harm to the business, in not granting**

**the Plaintiff the accommodation.**

39. In *Eisfelder v. Michigan Dept. of Natural Resources, 847 F. Supp. 78 (W.D. Mich. 1993*) the court found "to modify slightly the employee's work hours and to permit her to take two months of accumulated annual leave for sick time, as the employee requested, would appear to be a reasonable accommodation." **THE PLAINTIFF ARGUES to allow the Plaintiff to SWITCH HIS SCHEDULE IS A MINOR ACCOMMODATION and would IN NO WAY cause undue hardship to the business, and in fact was an attempt to return to employment with the employer and to reduce 'the liability of the employer' (by switching to a different shift then the harassers) in which, the Plaintiff 'possibly could be viewed' as an liability, DUE TO his history of disability AND THE POSSIBLITY OF CONTINUING HARASSMENT OF THE PLAINTIFF.**

40. In GUICE-MILLS v. DERWINSKI | 967 F.2d 794, the court ruled in favor of the hospital (the employer) by granting it summary judgment. The court stated: "When an employer offers an employee an alternative position that does not require a significant reduction in pay or benefits, that offer is a reasonable accommodation as a matter of law." **The Plaintiff argues that NOT ONLY DID THE DEFENDANT NOT GRANT THE REASONABLE ACCOMMODATION THEY DENIED IT AND LEFT THE DEFENDANT IN A POSITION TO WHERE HE WAS FORCED TO RESIGN, showing 'bad faith' and an effectively an illegal termination by the Defendant.**

## LIABILITY FOR CONSTRUCTIVE DISMISSAL

41. In Pennsylvania State Police v. Suders, 542 U.S. 129, 147 (2004), the United States Supreme Court wrote "that the proper inquiry in a constructive discharge case is whether working conditions became so intolerable that a reasonable person in the employee's position would have

felt compelled to resign." The Plaintiff argues that the **A TERRORISTIC THREAT BEING MADE TO THE PLAINTIFF IS THE VERY DEFINITION OF AN HOSTILE WORK ENVIRONMENT IN WHICH THE HARASSMENT WAS THREAT BY INTIMIDATION, in which by 'holding the Plaintiff without employment for over 28 days' would be considered a situation in which, the Plaintiff WITHOUT ANY OTHER SOURCE OF INCOME would be FORCED TO RESIGN.**

42. In **Green v. Brennan, No. 13-1096 (10th Cir. 2016),** the Court acknowledged that 'claims of constructive discharge and wrongful termination have two elements in common: discrimination and discharge.' The time period (in both claims) "…should not begin to run until after the discharge itself." Starting on the day of the resignation the 'employee' is given 45 days by the EEOC to make the complaint, after the discharge. The Plaintiff, after 28 days decided to file this action, believing Tesla Motors, INC either **1. Have no intention bringing the Plaintiff back to work or 2. Never planned on responding to the Plaintiff in a time frame in which, without savings or income, the Plaintiff could survive financially. Therefore, the Plaintiff argues, that if Tesla Motors, INC wasn't 'complicit' to the illegal harassment that they would 1. In no way (regardless of the situation) considered terminating the Plaintiff and 2. Are still participating in 'retaliating' against the Plaintiff by not bringing the Plaintiff back to work.**

43. The employer was made aware of the Plaintiff's 'history of disability' on March 13th 2023 and March 19th, 2023, during the 'process of investigation' by Tesla Motors, INC. The Defendant knew of the working conditions, in which the Plaintiff 'due to one or several variations of his history of disability diagnosed or not' is **MORE SUBJUCT TO DISCRIMINATION. This is the very reason in which the American's with Disability Act**

15

was written, to protect people like the Plaintiff, with a history of disability and has a disadvantage or 'might not be able to fit in according to the standards of everyone else.' The Plaintiff ALSO requested a 'reasonable accommodation' in which, he would return to work on a different shift opposite the people he alleged was discriminating on him. The failure for Tesla Motors, INC to "act in a reasonable amount of time" was **RETALIATION AND AN ACT OF DISCRIMINATION WITHIN ITSELF,** which the Plaintiff believes the Defendant's stance became discriminatory 'during the investigation' and after talking with the Plaintiff's co-workers.

### The work conditions caused damages to the plaintiff

44. The conditions of work in which the Plaintiff worked in, which caused the harassment upon the Plaintiff, left the Plaintiff in a position to where the Defendant took a stand of discrimination against him, in which conducting an investigation the Defendant learned of the Plaintiff's 'history of disability' and chose to continue to leave him suspended, causing him to 'constructively discharge' from Tesla Motors, INC after being left 28+ days without employment. The Plaintiff argues the **actually "reporting of the incident" was what caused Tesla Motors, INC Safety to 'suspend' the Plaintiff or is what caused the Plaintiff to stop working,** therefore the work conditions themselves caused the damage to the Plaintiff.

### The plaintiff resigned shortly after the conduct happened or while the conduct was ongoing, therefore showing that the conditions were the cause of the resignation

45. The Plaintiff had EVERY INTENTION OF KEEPING EMPLOYMENT WITH TESLA MOTORS, INC and made several attempts to rejoin Tesla's workforce in which Tesla Motors, INC ignored. Therefore, **DUE TO ACTIONS OF THE DEFENDANT, THAT BEGUN**

**WITH THE PLAINTIFF BEING THREATNED BY A CO-WORKER THEN LEFT CONTINUALLY WITHOUT INCOME**, IS WHAT CAUSED THE PLAINTIFF TO ASK FOR A CONSTRUCTIVE DISMISSAL (to be recognized by the government and the court) after 28+ days of no income or work.

46. The Plaintiff argues **THE CONDUCT BEING ON-GOING by the Defendant continuing the suspension, longer than reasonably expected, which is in fact, the DIRECT CAUSE of the Plaintiff deciding to resign. According to Rule 41 of the Federal Rules of Civil Procedure, the Plaintiff is reserving the right to an 'Dismissal without Prejudice', shall the Defendant decide to return the Plaintiff to employment as *requested in the reasonable accommodation* by April 7th, 2023.**

47. Due to the criminal act  committed against the Plaintiff by the co-worker, and **DUE TO THE LACK OF ACTION IN A REASONABLE TIME,** and due to being without income for 28 days, on 3/21/23 decided to file the action against the Defendant, and **asks the court for the purposes of this action to consider AFTER 28+ DAYS AFTER THE PLAINTIFF REPORTED ILLEGAL WORKPLACE HARASSMENT, A 'CONSTRUCTIVE DISMISSAL' IN WHICH THE PLAINTIFF DUE TO LACK OF WORK WAS FORCED TO LEAVE TESLA MOTORS, INC AND SEEK OTHER EMPLOYMENT.**

## NO JURY DEMAND

48. The Plaintiff herein hereby requests a bench decision on all issues in this action

## RELIEF

49. Actions or failure of action by Tesla Motors, INC has caused irreversible pain, damage, and destruction to the Plaintiff's personal life, character, and mental state. The Plaintiff lost his **ONLY SOURCE OF INCOME in which he planned on retiring from**. The Plaintiff is reserving the right to an 'Dismissal without Prejudice', **shall the Defendant decide to return the Plaintiff to employment as requested in the reasonable accommodation by April 7th, 2023**.

50. Actions by the employees of Tesla Motors, INC has caused irreversible pain, damage, and destruction to the Plaintiff's personal life, character, and mental state. The Plaintiff lost **ONLY SOURCE OF INCOME in which he planned on retiring from.** For their actions, the Plaintiff seeks disciplinarian actions against the guilty employees by their employer, **AND THE MANAGEMENT IN CHARGE OF DECISION MAKING** in which the employer would determine the appropriate punishment. The Plaintiff also asks the court to order the Defendant to participate in a Department of Labor's Americans with Disabilities Act information program, to educate the decision makers of the Defendant about the Americans with Disabilities Act and the relation to employment law.

51. Due to the actions of Tesla Motors, INC the Plaintiff lost his **ONLY SOURCE OF INCOME in which he planned on retiring from and financially AND EMOTIONALLY** and has not recovered from the discrimination and harassment the Plaintiff faced at Tesla Motors, INC.  For Tesla Motors INC actions, the Plaintiff **also seeks** appropriate remedies, pecuniary and non-pecuniary, including but not limited to CURRENT AND FUTURE **lost wages** from February 21st 2023 to present; **pain and suffering due to joblessness and relocation** incurred from February 21st 2023 to present; **DUE TO the demoralizing nature of the harassment AND THE RETALIATION BY THE DEFENDANT**, the Plaintiff is also seeking future

medical for therapy **for a total in punitive and compensatory damages** in the amount of **$1,000,000 United States Dollars**.

## CERTIFICATION AND CLOSING

52. Certification and Closing Under Federal Rule of Civil Procedure 11, by signing, The Plaintiff certifies to the best of his knowledge, and belief that this complaint: is not being pursued for an improper cause, such as to harass, cause delay, create debt, or needlessly increase the litigation costs; is supported by existing US or Texas law or the factual contentions have evidentiary support or, if so identified, will have evidentiary support after a reasonable opportunity for further investigation or discovery; and the complaint otherwise complies with the requirements of Rule 11.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendant.

Respectfully Submitted,

Date:   March 22nd, 2023

Gregory D Dixon, Pro Se
106 Olympic Cr
Ocean Springs, MS 39564
228-334-6447
amelioratelegal@gmail.com
dixong405@gmail.com



March 5 12:57 PM

Gregory Dixon I will reach out to our HR business partner on the status of the investigation. If I am not mistaken multiple people were involved so it may be taking a bit longer. Either way I will see what's going on, as I know you'd like to return. Thank you for following up.

1

March 12 2:55 PM

*Exhibit B*

Hello Ms Crystal
I'm still waiting to hear back from HR. I finally got ahold of Ms Brock and sent her a message



Hello Ms Priscilla My name is Gregory Dixon I'm a material handler on William Chabino's S-W 6pm-6am shift. On 2/21 I reported an incident of workplace harassment in which a co-worker threatened me and I was sent home pending and investigation. I opened a ticket on Monday and they closed it and I cant open it it see it I've contacted my managers several times and they are telling me to wait for HR. When you see this message can you please give me an update on my status because it has been 3 weeks I've been without work and to my knowledge the only thing I did was reported a coworker for threatening bodily harm



Exhibit (A)

Hello guys

I am sending over a letter as a 'disclaimer' to help with the decision making process about the situation in which I'm not working. I feel it is important to inform all relevant people about this. I sent this message outside of Outlook because it wouldn't allow me to form and sent the attachment in Outlook, but I will attempt to send it in outlook. I am sending a hard copy letter to the Corporate Secretary as well. I look forward to hearing from you guys and returning to Tesla soon!



Tesla Inform...f ADA.docx

Exhibit E-1 (2)

# with Disabilities

## Acknowledgment  Add label



**Live With Memorie...** Mar 13

to pbrock, celorduy, wch... ⟩

From   Live With Memories Vlogs •
dixong405@gmail.com

To      pbrock@tesla.com
celorduy@tesla.com
wchabino@tesla.com
GFTXHR@tesl.com
Ameliorate Legal • amelioratelegal@gmail
.com

Date   Mar 13, 2023, 11:27 AM

View security details



Reasonable Accommodation return to work

Hi
Per email that I sent over from dixong405@gmail.com, it outlined and made you guys aware of how I had a 'history of disability' (I am willing to provide records if asked) and I was requesting a reasonable accommodation (as mentioned in the Americans with Disabilities Act) to return to work Sunday-Tuesday 6am till 6pm as soon as possible. As you probably are aware I have been without work now approximately 4 weeks, after simply reporting a workplace harassment event in which a co-worker made a terroristic threat. As I said before between 2012-2014, I was disabled in the State of Mississippi and during the same time a doctor diagnosed me with a personality disorder. However, this is why the Americans with Disabilities Act was originally created, to protect people with disabilities and a history of disability. Again, I look forward to hearing from you guys as soon as possible and returning to work and put...