IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GREGORY DIXON, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1-23-CV-326-RP |
| TESLA MOTORS, INC., | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court are multiple motions from Plaintiff Gregory Dixon ("Dixon") to amend his complaint and reopen this case. (Dkts. 16, 20, 29, 30, 35, 37). The Court had previously issued an order denying these motions and mooting several others, (Dkts. 23, 26, 38). (Order, Dkt. 39). In light of the Fifth Circuit's opinion vacating this Court's judgment and remanding for further examination and explanation, (Dkt. 44), the Court issues the following order.

**I. BACKGROUND**

Plaintiff Dixon, proceeding *pro se*, filed his original complaint in this case on March 24, 2023. (Compl., Dkt. 1). He then filed an amended complaint on April 12, 2023. (Dkt. 8). Dixon alleges that Defendant Tesla Motors, Inc. ("Tesla") violated the Americans with Disabilities Act ("ADA") by discriminating and retaliating against him based on his disability. (*Id.*). Two days after filing his amended complaint, Dixon filed a motion to voluntarily dismiss his case without prejudice, stating that he and Tesla had agreed to resolve the dispute. (Mot., Dkt. 9). The Court construed Dixon's motion as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), and accordingly, on April 24, 2023, the Court closed the case. (Order, Dkt. 11).

About a month later, on May 26, 2023, Dixon moved to reinstate the case pursuant to Rules 54, 58, and 60, arguing that Tesla had not upheld its end of the settlement agreement. (Dkt. 12).

1

Dixon also moved to file an amended complaint. (Dkt. 13). Because Tesla had not yet appeared in the lawsuit[1] and there was no indication that Dixon had served Tesla with either motion, on June 12, 2023, the Court ordered Dixon to serve Tesla with a copy of his motions to amend the complaint and reinstate the case and to file a certificate of service by July 12, 2023. (Dkt. 15).

On June 20 and 30, 2023, Dixon filed renewed motions to file an amended complaint and reinstate the case (Dkts. 16, 20). In a text order on July 6, 2023, the Court again reminded Dixon that he must serve Tesla a copy of his motion to reopen the case and extended Dixon's deadline for doing so until August 4, 2023. (Text Order, July 6, 2023).

On July 12 and 14, 2023, Dixon filed certificates of service, stating that he served his motion to amend and motion to reopen the case on a Tesla address through UPS Signature mail. (Dkts. 21, 22). On August 3, 2023, the Court issued an order stating why these certificates of services did "not meet the requirements for service by mail." (Dkt. 27). The Court explained:

> Dixon states that he has sent the motions via UPS, but does not contain any such mailing receipts. Further, Texas Rule of Civil Procedure 106(a)(2) states that a citation must be served by "mailing to the defendant by registered or certified mail, return receipt requested, a copy" of the filing. Tex. R. Civ. P. 106(a)(2). Dixon's service was not made through certified mail, nor does it include a return receipt.

(*Id.*). In other words, Dixon's July 2023 certificates of service were deficient because (1) his certificates of service did not contain return receipts and (2) he did not serve Tesla using registered or certified mail. Because "Dixon ha[d] not properly served Tesla," the Court ordered Dixon to "serve Tesla a copy of his motions to amend his complaint and reinstate the case in a manner that satisfies federal or state service requirements on or before August 24, 2023." (*Id.*).

---

[1] Because of the procedural posture of this case, Tesla still has not made an appearance in this action.

2

On August 22, 2023, Dixon filed three more certificates of service, (Dkts. 32, 33, 34), but these certificates also failed to cure the deficiencies present in the previous certificates of service. The certificates state that Dixon again served Tesla by mailing his motions through UPS to a Tesla address. The certificates differ from the previous ones in that they include "proofs of delivery" stating that the packages were delivered to individuals allegedly associated with Tesla. However, Dixon did not attach a return receipt containing a signature from the individuals who received these packages. Further, the proofs of delivery simply state that the packages were delivered to an address in Austin; they do not contain a specific delivery address.

Throughout August 2023 through mid-October 2023, Dixon continued to file renewed motions to amend his complaint and reopen his case. (*See* Dkts. 29, 30, 35, 37). Dixon also filed other motions, such as a motion to compel mediation, a motion to compel discovery, and a motion to expedite. (Dkts. 23, 26, 38). These motions contain certificates of service that did not include return receipts and indicate that Dixon continued to serve Tesla using UPS, rather than registered or certified mail.

On October 17, 2023, the Court issued an order finding that Dixon had not properly served Tesla under the Texas Rules of Civil Procedure despite the Court's previous orders. (Order, Dkt. 39). Accordingly, the Court denied Dixon's motions to amend his complaint and reinstate the case, (Dkts. 16, 20, 29, 30, 35, 37), and mooted the remaining pending motions, (Dkt. 23, 26, 38). Dixon then filed a notice of appeal. (Dkt. 40).

On June 11, 2024, the Fifth Circuit issued an order vacating this Court's judgment. (Dkt. 44). The Fifth Circuit found that "[b]ased on the record, it is not clear that Dixon's certificates of service comport with the federal or state rules." (*Id.* at 2). The Fifth Circuit stated that this Court's order denying Dixon's motions "is unclear as it relates to the application of federal or state procedural rules" and "does not clarify what was required for proper service." (*Id.* at 3). Accordingly,

3

the Fifth Circuit remanded the case "for the purpose of examining and explaining whether [the Court] denied Dixon's motions for lack of compliance with the Federal Rules of Civil Procedure." (*Id.*). The Court issues this order to further explain its decision to deny Dixon's motions to reinstate and amend.

## II. DISCUSSION

The Court finds that Dixon's motions should be denied for several reasons. First, Dixon failed to properly serve his motions to amend and motions to reinstate pursuant to the Federal Rules of Civil Procedure. A party is not excused from compliance with the rules of procedure based upon his status as a *pro se* litigant nor does ignorance of the rules constitute "good cause" for failure to serve the opposing party. *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

The Court begins its discussion of service by analyzing which rule Dixon had to follow in serving these motions: Rule 4 or Rule 5. Rule 4 of the Federal Rules of Civil Procedure governs the commencement of an action and the service of process. Meanwhile, Rule 5 governs service of "every pleading subsequent to the original complaint." Fed. R. Civ. P. 5(a). The distinction between the two rules is significant because Rule 4 has more stringent requirements for service than Rule 5. At first, it would appear that Dixon's motions—as perhaps technically, "pleading[s] subsequent to the original complaint"—seemingly would fall under Rule 5 rather than Rule 4. However, the mere fact that a pleading has been filed chronologically after the original complaint does not end the inquiry. "In addressing the issue whether service may be made under Rule 5 as opposed to Rule 4, a number of courts have focused on whether or not a defendant has had notice of the claims and whether he/she appeared in the case." *Cryer v. UMass Med. Corr. Health*, No. CIV.A. 10-11346-PBS, 2011 WL 841248, at *1 (D. Mass. Mar. 7, 2011) (collecting cases); *see also Employee Painters' Trust v. Ethan Enterprises, Inc.,* 480 F.3d 993, 995–96 (9th Cir. 2007) ("[A]n amended complaint can often be

4

served in the same manner as any other pleading *if* the original complaint is properly served *and* the defendants appeared in the first instance.") (emphasis added). Here, it appears that the original complaint was properly served on Tesla before the case was voluntarily dismissed. (*See* Dkt. 10). However, the amended complaint was not served on Tesla, and Tesla did not appear in this action prior to Dixon's voluntary dismissal. Dixon was thus required to serve his motions to amend and motion to reinstate pursuant to Rule 4. Otherwise, Tesla would never have been given notice that Dixon had planned to reinstate his claims against it. To hold Dixon to a lower standard of service would "eviscerate the detailed requirements under Rule 4 for noticing defendants of claims against them." *Cryer*, 2011 WL 841248, at *2.

Federal Rule of Civil Procedure 4(h)(1) allows service on a corporation "in the manner prescribed by Rule 4(e)(1)" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Because Dixon has never tried to personally serve an officer or agent of Tesla under Rule 4(h)(1)(B), the Court focuses on service pursuant to Rules 4(h)(1)(A) and 4(e)(1). Rule 4(e)(1) permits service on a defendant by "following state law for serving a summons . . . in the state where the district court is located or where service is made."

In this case, Texas law would apply under Rule 4(e)(1) as Dixon alleges that Tesla is a corporation located in Austin, Texas, and Dixon has attempted to serve Tesla at a Texas address. (*See* Am. Compl., Dkt. 8, ¶ 7; Dkts. 21, 22, 32, 33, 34). Texas law allows for service "to the defendant by registered or certified mail, return receipt requested." Tex. R. Civ. P. 106(a)(2). Under Texas Rule of Civil Procedure 107(c), if a plaintiff serves a defendant by registered or certified mail, "the return by the officer or other authorized person must also contain the return receipt with the addressee's signature." If the return receipt is not signed by the addressee, the service of process is defective. *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied).

Here, Dixon's certificates of service did not comply with the Texas Rules of Civil Procedure—as incorporated into Federal Rule of Civil Procedure 4—for two reasons. First, Dixon attempted service through UPS, but, as a private shipping company, UPS is not "registered or certified mail"; only service through the United States Postal Service would suffice as "registered or certified mail." *See, e.g.*, *Arumugam v. William Marsh Rice Univ., Amazon.com, Inc.*, No. CV H-13-376, 2014 WL 12599640, at *2 (S.D. Tex. Feb. 6, 2014) ("In addition, service by 'certified mail, return receipt requested,' can only be accomplished by the U.S. Post Office, rather than a commercial delivery service such as FedEx.") (citing *Prince v. Poulos*, 876 F.2d 30, 32 n.1 (5th Cir. 1989)); *Boudy v. McComb Sch. Dist.*, No. 5:23-CV-00030-KS-BWR, 2023 WL 4831412, at *3 (S.D. Miss. July 27, 2023) (holding same under Mississippi law).[2] Accordingly, service of his motions was deficient under Texas Rule 106(a)(2). Further, Dixon's certificates of service did not contain a return receipt signed by the addressee, in violation of Texas Rule 107(c). In this regard, Dixon's proofs of delivery were particularly deficient because they did not even provide a delivery address—instead, simply stating that delivery was effectuated in Austin, Texas.

In its August 3, 2023, Order, the Court informed Dixon that he had not properly effectuated service of his motions because his July certificates of service were not made through certified mail, nor did they include a return receipt. (Order, Dkt. 27 (citing Tex. R. Civ. P. 106(a)(2))). The Court accordingly ordered Dixon to re-effectuate service "in a manner that satisfies federal or state service

---

[2] *See also Audio Enters., Inc. v. B & W Loudspeakers of Am.*, 957 F.2d 406, 409 (7th Cir. 1992) (finding that Federal Express is not "first class mail" under the old version of Federal Rule of Civil Procedure 4(c)(2)(C)(ii); *Leatherbury v. Greenspun*, 939 A.2d 1284, 1288 (Del. 2007) (holding that "the term 'certified mail' has a common usage with only one meaning that does not include delivery by Federal Express"); *Nissan Div. of Nissan Motor Corp. v. Fred Anderson Nissan*, 445 S.E.2d 600, 602 (N.C. 1994) (holding that the phrase "'registered or certified mail, return receipt requested' . . . refer[s] exclusively to the delivery service offered by the U.S. Mail and not to notice delivered by any private delivery service"); *W.A. Foote Mem'l Hosp. v. City of Jackson*, 686 N.W.2d 9, 14 (Mich. Ct. App. 2004) (holding that "the plain and ordinary meaning of the term 'certified mail' . . . encompasses only 'mail' sent by the United States Postal Service—not delivery by private carrier services").

requirements." (*Id.*). In other words, Dixon could have re-served Tesla through certified mail, with a return receipt requested according to Texas Rule 106(a)(2) or Dixon could have served Tesla by delivering a copy of his motions to an officer or agent of Tesla pursuant to Federal Rule 4(h)(1)(B). However, Dixon's re-filed certificates of service on August 22, 2023, and the certificates of service within his later-filed motions did not fix the deficiencies indicated in the Court's order. Accordingly, Tesla was never served with these motions and never apprised of the relief that Dixon was requesting from the Court. It is not proper to grant Dixon's motions without giving Tesla an opportunity to respond, and so, the Court finds that Dixon's motions must be denied for lack of service.

Second, apart from Dixon's failure to adhere to the Federal and Texas Rules of Civil Procedure, Dixon also failed to comply with several court orders. Federal courts have the authority to dismiss an action for failure to comply with court orders. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); Fed. R. Civ. P. 41(b) (permitting a court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order"). Here, the Court ordered Dixon to serve his motions to amend and reinstate on four separate occasions over the course of two months. (*See* Dkt. 15; Text Order, June 22, 2023, Text Order, July 6, 2023; Dkt. 27). As noted, on the last occasion, in the August 3, 2023 Order, the Court explained why Dixon's service was deficient and ordered him to effectuate service according to the federal or state service requirements on or before August 24, 2023. (Dkt. 27). Dixon did not comply with this Order because he continued to file certificates of service and motions that did not satisfy either the Federal or Texas Rules of Civil Procedure. Given that Dixon repeatedly failed to properly serve Tesla, the Court finds that there is a clear record of noncompliance that would justify denying Dixon's motions for failure to comply with Court orders.

Last, even were the Court to consider the merits of Dixon's motions to reinstate the case and amend his complaint, the Court finds that relief would not be warranted. Because Dixon filed

7

his motions to reinstate more than twenty-eight days after he voluntarily dismissed his case, the Court construes his motions under Rule 60(b) of the Federal Rules of Civil Procedure. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief will only be afforded in unique circumstances." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (quotation marks omitted).

Here, Dixon asserts that he wants to reinstate this case because upon settling his claims with Tesla, the company has allegedly continued to retaliate against him for reporting harassment. (*See* Dkt. 20, at 2; Dkt. 30, at 2). Dixon notes that in his motion to voluntarily dismiss his case, he stated that "he chose to leave the case open due to the real chance of harassment reoccurring." (*Id.*). In his motion to voluntarily dismiss, Dixon stated that he recognized that Tesla could fail to live up to its alleged promises: "The Plaintiff does not believe he will face retaliatory actions from management from Tesla, Inc., but the possibility the Plaintiff could be harassed is there." (Dkt. 9, at 2). However, he did not ask the Court to keep the case open; he instead "move[d] the court to dismiss this action without prejudice." (*Id.*). Thus, Dixon himself admits that in accepting Tesla's alleged settlement and dismissing the case he recognized that he may not get the relief he wanted but chose to dismiss the case regardless.

These circumstances do not constitute relief under Rule 60(b)(1) due to "mistake, inadvertence, surprise, or excusable neglect," Rule 60(b)(2) due to "newly discovered evidence," or

8

Rule 60(b)(3) for fraud. Rule 60(b)(6) is also inapplicable here as this rule is "not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (quoting *United States v. O'Neil*, 709 F.2d 361, 373 n.12 (5th Cir. 1983)); *see also Wolf v. City of Port Arthur*, No. 23-40528, 2024 WL 1504341, at *1 n.6 (5th Cir. Apr. 8, 2024). Dixon made the choice to voluntarily dismiss this case, and he has not made a sufficient showing that he should be relieved from that choice. This is particularly true here. Dixon's case was dismissed without prejudice to refiling a new case, so he could file a new complaint that details all the alleged harms he has faced both before and after his initial complaint was filed in this case. Because Dixon has not shown that he is warranted relief under Rule 60(b), his motions should also be denied on the merits.

In sum, Dixon's motions to amend his complaint and reopen this case are denied because (1) Dixon failed to properly serve his motions; (2) in failing to properly serve his motions, Dixon repeatedly failed to comply with Court orders; and (3) Dixon's Rule 60(b) motions fail on the merits.

Accordingly, **IT IS ORDERED** that Dixon's Motions to Amend Complaint and Motions to Reinstate and Reopen Case (Dkts 16, 20, 29, 30, 35, 37) are **DENIED**, and all other pending motions (Dkts. 23, 26, 38) are **MOOT**.

**SIGNED** on November 13, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE